WR-83,501-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/25/2015 4:21:45 PM
Accepted 6/26/2015 9:05:57 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

No.  _____

RECEIVED
COURT OF CRIMINAL APPEALS
6/26/2015
ABEL ACOSTA, CLERK

**IN RE MATHEW PAYAM SHALOUEI,**
*Relator*

---

# RELATOR'S RECORD AND EXHIBITS

---

From the First Court of Appeals, Houston, Texas, denying
mandamus relief in Cause Number 01-15-00555-CR from
an order of the 263rd District Court of Harris County,
Texas, Honorable Jim Wallace presiding in Cause
Numbers 1411883 & 1437307

---

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

Relator, MATHEW PAYAM SHALOUEI, submits these Exhibits in support

of his petition for writ of mandamus, and incorporates them by reference.

# RECORD and EXHIBIT S

A.    Exhibits

    1.    Case Reset Form - cause number 1411883.

    2.    Docket Sheet – cause number 1437307.

    3.    Pre-trial Writ of Habeas Corpus - cause number 1437307 (263rd).

    4.    Order - cause number 1437307 (263rd).

    5.    Pre-trial Writ of Habeas Corpus - cause number 1439476 (230th).

    6.    Order - cause number 1439476 (230th).

    7.    Pre-trial Writ of Habeas Corpus - cause number 1439586 (179th).

    8.    Order - cause number 1439586 (179th).

    9.    Order Denying Relief – First Court of Appeals cause number 01-15-00555-CR.

Respectfully submitted,

By:    /s/ R. SCOTT SHEARER
**R. Scott Shearer**
TBA No. 00786464
917 Franklin, Suite 320
Houston, Texas 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Attorney for Relator**

June 25th, 2015

# EXHIBIT 1

CAUSE NO. 1371781
1411883

THE STATE OF TEXAS §

VS. §

Mathew Shilouei §
Defendant

CHARGE Aso Robby
CM

222 DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

## CASE RESET FORM

6·25·15 PTCR
6·26·15 selections
6·29·15 at ____ a.m.

The undersigned Counsel hereby agrees this case is reset for

PTCR JTR _____ on _____

Type of Setting

_____
Attorney for the State

☐ The State has offered:

☐ The State and Defense agree as follows:

In Custody
_____
Defendant
Je Godinich
(Print) Attorney for Defendant
Je Godinich
(Signature) Attorney for Defendant
929 Prauton ste 200
Address
Houston TX 77002
City        State        Zip
08057700        08057700
Attorney Bar #        Attorney SPN #
713 2378388        713 224-2889
Phone Number        Fax Number
Jgodinich @ aol·com
Email Address

Interpreter Requested:   Yes or No
Language: _____

For: _____ Defendant _____ Witness
Estimated Length of Assignment: _____

FOR COURT STAFF USE ONLY
Reset by ☐ Court ☒ Defense ☐ Operation of Law ☐ Prosecution

☐ Attorney not present
☐ D.A. to contact complainant/witness
☐ D.A. to evaluate case
☐ D.A. to Reindict
☐ D.A. to file MAJ/MRP
☐ Defense to contact witness

☐ Defendant has new case
☐ Defendant on call
☐ Defendant to consider offer
☐ Disposition of misd./OOC case
☐ File Unavailable
☐ MHMRA Evaluation
    ____ 21 Day ____ Full

☐ No Tape/Lab _____
☐ Not indicted
☐ Other _____
☐ Refer to _____
☐ Restitution Info

FILED
Chris Daniel
District Clerk
NOV 17 2014
Time: _____
Harris County, Texas
By _____ Deputy

APPROVED BY THE COURT:

_____
Judge/Coordinator

11·17·14
_____
Date Signed

5/2/12

DISTRICT CLERK





**STATE OF TEXAS**
**COUNTY OF HARRIS**

I, Chris Daniel, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____Deputy

# EXHIBIT 2

| THE STATE OF TEXAS VS. SHALOUEI, MATTHEW PAYAM | Bond: $0 |
| --- | --- |

THE STATE OF TEXAS VS. SHALOUEI, MATTHEW PAYAM

Cause No.: 143730701010-3   Court: 263rd
Offense: WRIT OF HAB CORP                                    Level:  Felony
Charging Instrument:  Writ of Habeas Corpus



GENERAL ORDERS OF THE COURT

Bond: $0
Next Setting:
Case Disposition:  Disposed
Case Status:  Complete
Defendant Status:  Disposed

### Docket Sheet Entries

| Date | Comment |
| --- | --- |
| 8/7/2014 | Writ of Habeas Corpus Filed<br>Offense: WRIT OF HAB CORP<br>Bond Amount: $0<br>Setting Date: 8/26/2014 |
| 8/7/2014 | WRIT OF HABEAS CORPUS NOT ISSUED |
| 8/7/2014 | ORDER: ATTORNEY FEE VOUCHER<br>FEE AMOUNT: $4,500 |
| 8/26/2014 | ORDER: DENIED PRE TRIAL WRIT |



STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

6/23/15

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

EXHIBIT 3



P27

**THE STATE OF TEXAS**

WRIT OF HABEAS CORPUS

NO. 1437307

To: Sheriff of Harris County

YOU ARE HEREBY COMMANDED to produce and have before JIM WALLACE, Judge of

the 263RD District Court of Harris County, Texas at Houston, Texas in the said County and State,

on 8-27-14 at 9:00 o'clock A. m., the person and body of SHALOUEI, MATTHEW PAYAM ,

whom it is alleged you illegally restrain of his liberty, when and where you will show why you hold the

said SHALOUEI, MATTHEW PAYAM in custody and restrain him of his liberty.

HEREIN FAIL NOT, but of this Writ make due return as the law directs.

Witness my official signature at Houston, Texas on August 1, 2014. Bail fixed at $ 0 pending hearing. 8-27-14

Judge's SPN#: 2697682

Defendant's SPN#: 02521930

**FILED**
**Chris Daniel**
**District Clerk**

**AUG 0 7 2014**

Time:_____
Harris County, Texas

By_____
Deputy

Judge Presiding

Issued  AUG 0 7 2014

CHRIS DANIEL, District Clerk
Harris County, Texas

By:_____

RETURN OF PERSON EXECUTING WRIT

Come to hand on _____ at _____o'clock, ___m., and executed on

_____ by delivering to the within named _____

in person, a true copy of this Writ,

_____

_____

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

# RETURN OF PERSON RESTRAINING PRISONER

**THE STATE OF TEXAS**

COUNTY OF HARRIS    I, _____ of said County of Harris, in obedience to the

within Writ of Habeas Corpus, have herewith the body of the within named _____

before the said _____, and for return of said Writ do state that said _____

_____ is in my custody as _____ of said County, by

virtue of a certain _____ issued by _____ on _____,

by which I was commanded to take the body of said_____ and him safely keep, and

have him before _____ to answer a charge of_____

preferred against him by _____ a copy of which said _____ is

annexed hereto:

_____

_____

Sworn to and subscribed before me, on _____

_____

2 of 2

# IN THE 263rd DISTRICT COURT OF HARRIS COUNTY, TEXAS

**EX PARTE**
**MATHEW PAYAM**
**SHALOUEI,**
    *Applicant*

Ancillary Case No. _____143 7307_____

---

# APPLICATION FOR PRE-TRIAL WRIT OF HABEAS CORPUS PURSUANT TO TEX. CRIM. PROC. CODE ANN. ART. 11.08

---

**Jerome Godinich, Jr.**
TBA No. 08054700
929 Preston, Suite 200
Houston, TX 77002
(713) 237-8388
(713) 224-2889 FAX
*JGodinich@AOL.com*

**Habeas Counsel for Applicant**

**R. Scott Shearer**
TBA No. 00786464
929 Preston, Suite 200
Houston, TX 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Habeas Counsel for Applicant**
**(on the writ only)**

July 30, 2014

1

THIS APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IS FILED PURSUANT TO TEX. CRIM. PROC. CODE ANN. ART. 11.08 IN THE 263rd JUDICIAL DISTRICT COURT OF HARRIS, COUNTY, TEXAS.

Applicant, MATHEW PAYAM SHALOUEI, pursuant to TEX. CRIM. PROC. CODE ANN. article 11.08, moves this Court to issue a pre-trial Writ of Habeas Corpus for his release from confinement on the grounds that he is being denied his liberty by criminal process under facially unconstitutional statutes by Adrian Garcia, Harris County Sheriff. Applicant is located at 1200 Baker Street, Houston, TX 77002.

This is a pre-trial application for writ of habeas corpus in a capital case. Applicant claims that the capital punishment sentencing scheme for juvenile offenders found in TEXAS PENAL CODE §12.31(a)(1) is facially unconstitutional when employed in conjunction with the parole eligibility law found in TEXAS GOVERNMENT CODE §508.145(b) and/or TEXAS GOVERNMENT CODE §508.145(d)(1).

## I.    STATEMENT OF FACTS

Applicant is charged with capital murder in cause number 1411883 in the 263rd District Court of Harris County, Texas. (Exhibit 1). The Applicant's birthdate is listed on the face of the indictment as August 20, 1993. The date the offense is alleged to have been committed is January 18, 2001. The Applicant, therefore, was

2

a seventeen [17] year old juvenile at the time of the alleged offense. The United States Supreme Court considers an adult to be a person who has attained the age of eighteen years. See *Roper v. Simmons*, 543 U.S. 551, 568, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).

II.    Argument and authorities.

**ISSUE ONE: APPLICANT IS CHARGED WITH CAPITAL MURDER, ALLEGED TO HAVE BEEN COMMITTED WHILE HE WAS A JUVENILE. THE SUPREME COURT OF THE UNITED STATES HAS FOUND THAT A MANDATORY LIFE SENTENCE WITHOUT THE POSSIBILITY OF PAROLE FOR A JUVENILE CHARGED WITH CAPITAL MURDER IS UNCONSTITUTIONAL. SECTION 12.31 OF THE TEXAS PENAL CODE MANDATES THAT A JUVENILE CONVICTED OF CAPITAL MURDER RECEIVE A LIFE SENTENCE. TEXAS GOVERNMENT CODE SECTION 508.145(b) REQUIRES THAT A JUVENILE SENTENCED TO LIFE MUST SERVE 40 CALENDER YEARS BEFORE BECOMING ELIGIBLE FOR PAROLE. DOES THIS MANDATORY PORTION OF THE POTENTIAL SENTENCE RENDER SECTION 12.31 OF THE PENAL CODE AND SECTION 508.145(b) OF THE GOVERNMENT CODE FACIALLY UNCONSTITUTIONAL UNDER THE EIGHTH AMENDMENT?**

A.    *The Eighth Amendment, which applies to the States, requires proportionality when sentencing juveniles.*

The Eighth Amendment to the United States Constitution provides that, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend VIII. The Eighth Amendment is applicable to the States through the Fourteenth Amendment's due process clause.

3

*Furman v. Georgia*, 408 U.S. 238, 239, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); *Robinson v. California*, 370 U.S. 660, 675, 82 S.Ct. 1417, 1425, 8 L.Ed.2d 758 (1962). The prohibition of cruel and unusual punishment "guarantees individuals the right not to be subjected to excessive sanctions." *Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455, 2463, 183 L.Ed.2d 407 (2012) (citing *Roper v. Simmons*, 543 U.S. 551, 560, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005)). The right to be free from excessive punishment flows from the basic "precept of justice that punishment for crime should be graduated and proportioned" to both the offender and the offense. *Roper*, 543 U.S. at 560, 125 S.Ct. 1183 (quoting *Atkins v. Virginia*, 536 U.S. 304, 311, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002)).

According to the Supreme Court, the concept of proportionality is central to the Eighth Amendment. *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011 (2010). The Supreme Court reviews the concept of proportionality under "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958) (plurality opinion)).

An offender's age, the Court made clear in *Graham*, "is relevant to the Eighth Amendment," and so "criminal procedure laws that fail to take defendants' youthfulness into account at all would be flawed." *Graham*, 130 S.Ct. at 2031.

B. *The Texas capital sentencing scheme for juvenile offenders requires a mandatory life sentence with no possibility of parole until the juvenile offender serves a minimum of forty [40] calendar years.*

In Texas, those persons who have not reached the age of majority and who are convicted of capital murder must be sentenced to a life term. There are no other sentencing options available to the judge or jury. Texas' capital sentencing scheme provides as follows:

**§ 12.31. Capital Felony**

(a) An individual adjudged guilty of a capital felony in a case in which the state seeks the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for life without parole or by death. **An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for: (1) life, if the individual committed the offense when younger than 18 years of age;** or (2) life without parole, if the individual committed the offense when 18 years of age or older.

(b) In a capital felony trial in which the state seeks the death penalty, prospective jurors shall be informed that a sentence of life imprisonment without parole or death is mandatory on conviction of a capital felony. **In a capital felony trial in which the state does not seek the death penalty, prospective jurors shall be informed that the state is not seeking the death penalty and that: (1) a sentence of life imprisonment is mandatory on conviction of the capital felony, if the individual committed the offense when younger than 18 years of age;** or (2) a sentence of life imprisonment without parole is mandatory on conviction of the capital felony, if the individual committed the offense when 18 years of age or older.

TEX. PENAL CODE § 12.31 (Acts 2013, 83rd Leg., 2nd C.S., Ch. 2, Sec. 1, eff. July 22, 2013) (emphasis added).

5

A juvenile offender who is sentenced to mandatory life under Section 12.31 cannot become eligible for parole until he has served a *de facto* life sentence. According to the Texas Government code, a juvenile adjudged guilty of capital murder must serve at least forty [40] years before even becoming eligible to be considered for parole:

Sec. 508.145.    ELIGIBILITY FOR RELEASE ON PAROLE; COMPUTATION OF PAROLE ELIGIBILITY DATE.

(a)    An inmate under sentence of death, serving a sentence of life imprisonment without parole, serving a sentence for an offense under Section 21.02, Penal Code, or serving a sentence for an offense under Section 22.021, Penal Code, that is punishable under Subsection (f) of that section is not eligible for release on parole.

(b)    **An inmate serving a life sentence under Section 12.31(a)(1), Penal Code, for a capital felony is not eligible for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 40 calendar years.**

(c)    An inmate serving a sentence under Section 12.42(c)(2), Penal Code, is not eligible for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 35 calendar years.

(d)(1) An inmate serving a sentence for an offense described by Section 3g(a)(1)(A), (C), (D), (E), (F), (G), (H), (I), (J), (K), (L), (M), or (N), Article 42.12, Code of Criminal Procedure, an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article,

6

an offense under Section 20A.03, Penal Code, or an offense under Section 71.02 or 71.023, Penal Code, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years.

TEX. GOV'T CODE §508.145. (emphasis added).

## C. *Juvenile sentencing has changed in light of Graham v. Florida and Miller v. Alabama.*

Applicant avers that any potential sentence he and all other similarly situated juveniles would receive for the offense of capital murder violates the prohibition against cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution as the Supreme Court has construed in *Graham v. Florida* and *Miller v. Alabama.*

The defendant in *Graham v. Florida* was sentenced to "life." Because Florida had abolished its parole system, however, a life sentence gave the defendant in *Graham* no possibility of release and, thus, was essentially a sentence of life without parole. The Supreme Court invalidated Florida's sentencing scheme, holding that it is a violation of the Eighth Amendment to sentence a juvenile defender to life without parole for a non-homicide offense. *Graham*, 130 S.Ct. at 2034

7

In the more recent opinion of *Miller v. Alabama*, 132 S.Ct. 2455, 2464 (2012), the Supreme Court went further, holding that mandatory sentences of life without parole for juveniles violate the Eighth Amendment even in the capital murder context. In *Miller*, two separate juvenile defendants were found guilty of murder - one of murder in the course of arson and the other of capital murder. *Id.* at 2461. Both sentencing schemes provided a mandatory sentence of either death or life without parole when convicted of either of those offenses. Because the Supreme Court had previously invalidated the death penalty for juvenile offenders, the trial court had only one possible option in sentencing upon conviction - life without parole. *See Roper v. Simmons*, 543 U.S. 551, 575 (2005) (holding the death penalty cannot be imposed upon juvenile offenders). A sentence of life without parole was the required, mandatory sentence for a juvenile offender convicted under the statute and was automatically imposed upon conviction, with no exercise of discretion as to whether such a sentence was appropriate. The *Miller* Court held such a sentencing scheme providing for a required, mandatory sentence of life without parole for juvenile offenders violated the Constitution, and precluded a sentencer from taking into account an offender's age, life circumstances, and the circumstances of the homicide offense. *Miller*, 132 S.Ct. at 2464, 2467-68. The Court did not, however, hold that *discretionary* life without parole sentences violate the Eighth Amendment. See *id.* at 2469 ("[A] sentencer needed to examine all these circumstances before

8

concluding that life without any possibility of parole was the appropriate penalty."). Instead, in regards to life-without-parole sentences for juvenile offenders, the *Miller* Court stated, "[a]lthough we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.*

The *Miller* holding clearly tells us that a mandatory sentence of life without parole for juveniles is unconstitutional because it is a violation of the Eighth Amendment to automatically sentence a juvenile to life without parole without first considering "how children are different" and how those differences may weigh against the imposition of such a harsh sentence. See *Miller*, 132 S.Ct. at 2468–69.

While the *Miller* court did not completely foreclose the "life without parole" option for juvenile murderers, it said when the sentencing scheme distinguishes the differences between adults and juveniles, "this harshest possible penalty will be uncommon" because it would be exceedingly difficult to distinguish "between the juvenile offender whose crime reflects transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption." *Miller*, 132 S.Ct. at 2469.

D. *The Texas capital sentencing scheme fails to consider the mitigating qualities of youth. As a result, the mandatory sentence required to be imposed upon Applicant is excessive.*

A year after the Supreme Court's decision in *Miller*, the Texas Legislature amended TEXAS PENAL CODE section 12.31. The amendment provided for the possibility of parole, but only upon the completion of forty [40] years of the life sentence. The Legislature entirely failed to include any mechanism whereby a sentencing court might comply with the commands of *Miller* in regard to discretionary sentencing. According to our own Texas Court of Criminal Appeals, *Miller* requires the sentencer to consider "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Ex parte Terrell Maxwell*, Applicant No. AP-76,964 (Tex. Cr. App., March 12, 2014).

Texas' idea of sentencing in the juvenile capital murder context is vastly different than those envisioned by the justices in *Miller* and in previous Supreme Court cases on the subject. According to *Miller*, the Supreme Court has "insisted in [prior] rulings that a sentencer have the ability to consider the "mitigating qualities of youth." *Miller*, 132 S.Ct. at 2467; (citing *Johnson v. Texas*, 509 U.S. 350, 367, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993)).

In Texas, all juveniles are treated equally harsh. A judge or jury has no mechanism whereby a juvenile's immaturity, impressionability, background, or other mitigating life circumstances might be considered. A sentencer has no

10

discretion as to whether a life sentence is appropriate and whether or not the juvenile should be released upon being rehabilitated. Texas' sentencing scheme prevents those meting out punishment from considering a juvenile's "lessened culpability" and greater "capacity for change." *Graham*, 130 S.Ct. at 2026-2027, 2029-2030. This lack of discretion in sentencing plainly runs afoul of *Miller* and other Supreme Court cases which require individualized sentencing for defendants facing the most serious penalties:

> Of special pertinence here, we insisted in these rulings that a sentencer have the ability to consider the 'mitigating qualities of youth.' Everything we said in *Roper* and *Graham* about that stage of life also appears in these decisions. As we observed, 'youth is more than a chronological fact.' It is a time of immaturity, irresponsibility, 'impetuousness[,] and recklessness.' It is a moment and 'condition of life when a person may be most susceptible to influence and to psychological damage.' And its 'signature qualities' are all 'transient.' *Eddings* is especially on point. There, a 16-year-old shot a police officer point-blank and killed him. We invalidated his death sentence because the judge did not consider evidence of his neglectful and violent family background (including his mother's drug abuse and his father's physical abuse) and his emotional disturbance. We found that evidence 'particularly relevant' — more so than it would have been in the case of an adult offender. We held: '[J]ust as the chronological age of a minor is itself a relevant mitigating factor of great weight, so must the background and mental and emotional development of a youthful defendant be duly considered' in assessing his culpability.

. . . . .

11

Under these schemes, every juvenile will receive the same sentence as every other — the 17-year-old and the 14-year-old, the shooter and the accomplice, the child from a stable household and the child from a chaotic and abusive one. And still worse, each juvenile (including these two 14-year-olds) will receive the same sentence as the vast majority of adults committing similar homicide offenses — but really, as *Graham* noted, a *greater* sentence than those adults will serve.

*Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455, 2467-2468, 183 L.Ed.2d 407 (2012)(citations omitted).

It should have been obvious to the Texas legislature that what the *Miller* court was seeking from the states was a punishment scheme that allowed judges the discretion to fashion sentences somewhere between strictly juvenile punishment (release upon reaching the age of 21) and mandatory life without parole. See *Miller*, 132 S.Ct. at 2476. ("It is easy to imagine a judge deciding that a minor deserves a [much] harsher sentence than he would receive in juvenile court, while still not thinking life-without-parole appropriate. For that reason, the discretion available to a judge at the transfer stage cannot substitute for discretion at post-trial sentencing in adult court — and so cannot satisfy the Eighth Amendment."). Unfortunately, Texas' response to *Miller* was to completely do away with any judicial discretion and to mandate a minimum term of forty [40] years before a juvenile even becomes eligible for parole.

12

In the present case, Applicant, should he be convicted, has no meaningful opportunity to obtain release based upon any demonstrated maturity and rehabilitation in the future. He is completely foreclosed from such considerations until forty years have gone by. By the time he has reached the age of 57 (40 plus 17), he will have likely passed the point of such demonstration by decades. Additionally, he will have served a greater portion of his life in prison than a similarly situated adult. See *Miller*, 132 S.Ct. at 2466. Applicant's potential sentence, therefore, is excessive.

E. ***In addition to its failure to consider the mitigating qualities of youth, the Texas capital sentencing scheme provides for grossly disproportionate punishment. Texas law actually requires juveniles to serve more time than their similarly situated adult counterparts.***

The *Miller* court contemplated a system whereby states would treat adults and juveniles differently. See *Miller*, 132 S.Ct. at 2476. (". . . children are constitutionally different from adults for purposes of sentencing"). The mandatory parole eligibility requirements set out in TEXAS GOVERNMENT CODE section 508.145 do indeed make a distinction between juveniles serving life and their adult counterparts. *Compare* TEX. GOV'T CODE §508.145(b) with §508.145(d)(1). Unfortunately, the distinction is not in favor of the juvenile. Section 12.31 of the TEXAS PENAL CODE and Section 508.145 of the GOVERNMENT CODE stand *Miller* on

13

its head. Instead of providing for a proportionate sentencing scheme for juveniles, these statutes actually mandate that a juvenile serve *more* time than a similarly situated adult. An adult convicted of a non-capital offense[1] also serving a life sentence must serve 30 years of his sentence [10 fewer than a juvenile] before becoming eligible for parole. TEXAS GOV. CODE 508.145(d)(1). This clearly runs afoul of the Supreme Court's holding in *Miller*:

> But the mandatory penalty schemes at issue here prevent the sentencer from taking account of these central considerations. By removing youth from the balance — by subjecting a juvenile to the same life-without-parole sentence applicable to an adult — these laws prohibit a sentencing authority from assessing whether the law's harshest term of imprisonment proportionately punishes a juvenile offender. That contravenes *Graham*'s (and also *Roper*'s) foundational principle: that imposition of a State's most severe penalties on juvenile offenders cannot proceed as though they were not children.

*Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455, 2466 (2012).

There can be no more illustrative an example of a lack of proportionality than where, as here, the adult offender given a life sentence actually serves less time than a juvenile serving a life sentence.

In summation, Texas' revamped sentencing scheme for juvenile offenders convicted of capital murder and given a mandatory life sentence suffers from the

---

[1] Life with parole is not a sentencing option for an adult convicted of capital murder. See TEX. PENAL CODE §12.31(a)(2).

14

same infirmities as those found to be unconstitutional in *Miller v. Alabama*. Applicant is subject to a sentencing scheme that is excessive, disproportional, and without discretion. There are no set of circumstances whereby the Applicant might avoid the mandatory provisions of TEXAS PENAL CODE §12.31 and TEXAS GOV. CODE §508.145(b). These provisions are, therefore, facially unconstitutional. See *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Cr. App. 1992) *cert. denied*, 506 U.S. 999 (1992).

**ISSUE TWO: APPLICANT IS ALLEGED IN THE INDICTMENT TO HAVE COMMITTED CAPITAL MURDER WITH A DEADLY WEAPON. PURSUANT TO TEXAS GOVERNMENT CODE SECTION 508.145(d)(1), AN AFFIRMATIVE FINDING OF A DEADLY WEAPON PREVENTS ELIGIBILITY FOR PAROLE UNTIL APPLICANT SERVES AT LEAST HALF OF HIS LIFE SENTENCE OR 30 YEARS, WHICHEVER IS LESS. AS THE DEADLY WEAPON FINDING IS AUTOMATIC UPON A FINDING OF GUILTY TO THIS INDICTMENT, DOES THIS MANDATORY PORTION OF THE POTENTIAL SENTENCE RENDER SECTION 508.145(d)(1) FACIALLY UNCONSTITUTIONAL UNDER THE EIGHTH AMENDMENT?**

Applicant is charged with capital murder in cause number 1411883 in the 263rd District Court of Harris County, Texas. The indictment alleges that Applicant committed murder and used a deadly weapon during commission of the offense. (Exhibit 1). A deadly weapon finding has an effect upon the Applicant's eligibility for parole. TEXAS GOVERNMENT CODE Section 508.145 provides, in pertinent part, as follows:

Sec. 508.145.     ELIGIBILITY FOR RELEASE ON PAROLE; COMPUTATION OF PAROLE ELIGIBILITY DATE.

    (a)    An inmate under sentence of death, serving a sentence of life imprisonment without parole, serving a sentence for an offense under Section 21.02, Penal Code, or serving a sentence for an offense under Section 22.021, Penal Code, that is punishable under Subsection (f) of that section is not eligible for release on parole.

    (b)    An inmate serving a life sentence under Section 12.31(a)(1), Penal Code, for a capital felony is not eligible

16

for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 40 calendar years.

(c)     An inmate serving a sentence under Section 12.42(c)(2), Penal Code, is not eligible for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 35 calendar years.

(d)(1) An inmate serving a sentence for an offense described by Section 3g(a)(1)(A), (C), (D), (E), (F), (G), (H), (I), (J), (K), (L), (M), or (N), Article 42.12, Code of Criminal Procedure, **an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article,** an offense under Section 20A.03, Penal Code, or an offense under Section 71.02 or 71.023, Penal Code, **is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less,** but in no event is the inmate eligible for release on parole in less than two calendar years.

TEX. GOV'T CODE §508.145. (emphasis added)

No special issue is necessary for a deadly weapon finding to be made. The language in a verdict form, "guilty as alleged in the indictment," will support a deadly weapon finding if the indictment contains language expressly alleging that the defendant used a deadly weapon. *Lafleur v. State*, 106 S.W.3d 91, 95 n. 23 (Tex. Cr. App. 2003); *Polk v. State*, 693 S.W.2d 391, 394 (Tex. Cr. App. 1985) ("Thus, if the indictment by allegation specifically places the issue before the trier of fact . . .

17

then an affirmative finding is de facto made when the defendant is found guilty 'as charged in the indictment.' ").

Upon an affirmative finding that the defendant used or exhibited a deadly weapon during the commission of the felony offense, the trial court must enter that finding in the judgment of the court. See TEX. CRIM. PROC. CODE ANN. art. 42.12, §3g(a)(2). An affirmative finding of a deadly weapon means the trier of fact expressly determined that a deadly weapon or firearm was actually used or exhibited during the commission of the offense. See *Polk v. State*, 693 S.W.2d 391, 393 (Tex. Cr. App. 1985).

As the deadly weapon finding is mandatory, a finding of guilt results in the Applicant being required to serve one-half of his life sentence or 30 calendar years, whichever is less. This mandatory finding creates the same sentencing problems as discussed in the previous issue – albeit with a slightly shorter sentence. A sentencer has no discretion to waive the deadly weapon finding; it is applied equally to juveniles and adults alike; and no provision is made to consider the mitigating circumstances of youth. This finding, therefore, subjects Applicant to a sentencing scheme that is excessive, disproportional, and without discretion. There are no set of circumstances whereby the Applicant might avoid the mandatory provisions of TEXAS PENAL CODE §12.31 and TEXAS GOV. CODE §508.145(d)(1). These

18

provisions are, therefore, facially unconstitutional. See *Santikos v. State*, 836

S.W.2d 631, 633 (Tex. Cr. App. 1992) *cert. denied*, 506 U.S. 999 (1992).

# PRAYER FOR RELIEF

WHEREFORE, Applicant prays that the trial court will:

A. Issue a writ of habeas corpus to have the body of Applicant brought before it;

B. Schedule and conduct an evidentiary hearing at which Applicant may be allowed to present evidence and argument on his behalf through counsel of record;

C. Allow a reasonable time after such evidentiary hearing for the Applicant to brief the issues raised in this application and developed at an evidentiary hearing;

D. Grant him authority to obtain subpoenas for witnesses and documentary evidence;

E. Declare TEXAS PENAL CODE §12.31(a)(1), TEXAS GOVERNMENT CODE §508.145(b) and TEXAS GOVERNMENT CODE §508.145(d)(1) facially unconstitutional.

F. GRANT relief upon this application such that Applicant's indictment shall be ordered DISMISSED; and

F. Grant him such other relief as he may be entitled to.

20

Respectfully submitted,

_____

**Jerome Godinich, Jr.**
TBA No. 08054700
929 Preston, Suite 200
Houston, TX 77002
(713) 237-8388
(713) 224-2889 FAX
*JGodinich@AOL.com*

**Habeas Counsel for Applicant**

By: _____

**R. Scott Shearer**
TBA No. 00786464
929 Preston, Suite 200
Houston, TX 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Habeas Counsel for Applicant
(on habeas only)**

July 30, 2014

21

## OATH

I, JEROME GODINICH, JR., habeas counsel for MATHEW PAYAM SHALOUEI, Applicant, having been duly sworn, state that on behalf of Applicant I have prepared the forgoing claims for relief and that the allegations stated herein and in any attached supporting material are true according to the belief of the Petitioner.

_Jerome Godinich, Jr._

## CERTIFICATE OF SERVICE

I certify that a copy of this Writ of Habeas Corpus has been served upon the State of Texas hand delivering a copy of same to the following address on this the ___ /8/ ___ day of ___ /7y//0/ ___, 2014:

HARRIS CO. DISTRICT ATTORNEY'S OFFICE
APPELLATE DIVISION
1201 FRANKLIN
HOUSTON, TEXAS 77002.

_Jerome Godinich, Jr._

22

# EXHIBIT 1

THE STATE OF TEXAS
VS.

MATTHEW PAYAM SHALOUEI
23405 WEST FERNHURST #312
KATY, TX 77494

SPN: 02521930
DOB: WM 08/20/93
DATE PREPARED: 12/17/13

D.A. LOG NUMBER:2018069
CJIS TRACKING NO.:9166232570-D001
BY: KV   DA NO: 001638714
AGENCY:HCSO
O/R NO: 118602
ARREST DATE: 01/19/11

NCIC CODE: 0907 10

RELATED CASES: **RODRIGUEZ & OLGUIN-F**

FELONY CHARGE: **CAPITAL MURDER**
CAUSE NO:   1411 883
HARRIS COUNTY DISTRICT COURT NO: 263
FIRST SETTING DATE:

BAIL: $NO BOND
PRIOR CAUSE NO: **REFILE OF 1369306**

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **MATTHEW PAYAM SHALOUEI,** hereafter styled the Defendant, heretofore on or about **JANUARY 18, 2011,** did then and there unlawfully, while in the course of committing and attempting to commit the ROBBERY of LY PHAM, intentionally cause the death of LY PHAM by SHOOTING LY PHAM WITH A DEADLY WEAPON, NAMELY A FIREARM.

**FILED**
Chris Daniel
District Clerk

DEC 18 2013

Time: _____ 14:20 _____
Harris County, Texas
By _____ NLD _____
Deputy

Asst. Foreman          262nd

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
FOREMAN OF THE GRAND JURY

**INDICTMENT**

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

7·31·14

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Deputy

# EXHIBIT 4

**CAUSE NO. 1437307**

| EX PARTE | § | IN THE DISTRICT COURT |
| | § | OF HARRIS COUNTY, TEXAS |
| MATTHEW SHALOUEI | § | 263 JUDICIAL DISTRICT |

## ORDER

On this the 26th day of August, 2014, after considering written submissions and arguments of counsel for both the state and Matthew Shalouei, the Court finds that the issue raised in the Application for Pre-Trial Writ of Habeas Corpus is not cognizable in a pre-trial writ. Therefore, the Court DENIES issuance of the writ requested in the Pre-Trial Writ of Habeas Corpus.

AUG 26 2014

_____
Judge Presiding
263rd District Court
Harris County, Texas

# EXHIBIT 5



**THE STATE OF TEXAS**

WRIT OF HABEAS CORPUS

NO. 1439476

To: Sheriff of Harris County

YOU ARE HEREBY COMMANDED to produce and have before BRAD HART, Judge of

the 230TH District Court of Harris County, Texas at Houston, Texas in the said County and State,

on TO BE DETERMINED at **AUG 2 8 2014** o'clock . m., the person and body of MATHEW PAYAM SHALOUEI,

whom it is alleged you illegally restrain of his liberty, when and where you will show why you hold the

said MATHEW PAYAM SHALOUEI in custody and restrain him of his liberty.

HEREIN FAIL NOT, but of this Writ make due return as the law directs.

Witness my official signature at Houston, Texas on August 28, 2014. Bail fixed at $ 0 pending hearing.

Judge's SPN#: 1642011

Defendant's SPN#: 02521930

_____
Judge Presiding

--------------------------------------------------------------------------------

**FILED**
**Chris Daniel**
**District Clerk**

Issued **AUG 2 8 2014**

**AUG 2 8 2014**
Time: 14:00
Harris County, Texas
By _____ Deputy

CHRIS DANIEL, District Clerk
Harris County, Texas

By: _____

--------------------------------------------------------------------------------

**RETURN OF PERSON EXECUTING WRIT**

Come to hand on _____ at _____ o'clock, ___ m., and executed on

_____ by delivering to the within named _____

in person, a true copy of this Writ,

_____

_____

1 of 2

# RETURN OF PERSON RESTRAINING PRISONER

**THE STATE OF TEXAS**

COUNTY OF HARRIS   I, _____ of said County of Harris, in obedience to the

within Writ of Habeas Corpus, have herewith the body of the within named _____

before the said _____, and for return of said Writ do state that said _____

_____ is in my custody as _____ of said County, by

virtue of a certain _____ issued by _____ on _____,

by which I was commanded to take the body of said _____ and him safely keep, and

have him before _____ to answer a charge of _____

preferred against him by _____ a copy of which said _____ is

annexed hereto:

_____

_____

Sworn to and subscribed before me, on _____

_____

# IN THE 230th DISTRICT COURT OF HARRIS COUNTY, TEXAS

EX PARTE
**MATHEW PAYAM
SHALOUEI,**
*Applicant*

Ancillary Case No. ___143947 6___

---

## APPLICATION FOR PRE-TRIAL WRIT OF HABEAS CORPUS PURSUANT TO TEX. CRIM. PROC. CODE ANN. ART. 11.08

---

F I L E D
Chris Daniel
District Clerk

AUG 2 8 2014

Time:_____
Harris County, Texas

By_____
Deputy

**Jerome Godinich, Jr.**
TBA No. 08054700
929 Preston, Suite 200
Houston, TX 77002
(713) 237-8388
(713) 224-2889 FAX
*JGodinich@AOL.com*

**Habeas Counsel for Applicant**

**R. Scott Shearer**
TBA No. 00786464
929 Preston, Suite 200
Houston, TX 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Habeas Counsel for Applicant
(on the writ only)**

August 28, 2014

1

THIS APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IS FILED PURSUANT TO TEX. CRIM. PROC. CODE ANN. ART. 11.08 IN THE 230th JUDICIAL DISTRICT COURT OF HARRIS, COUNTY, TEXAS.

Applicant, MATHEW PAYAM SHALOUEI, pursuant to TEX. CRIM. PROC. CODE ANN. article 11.08, moves this Court to issue a pre-trial Writ of Habeas Corpus for his release from confinement on the grounds that he is being denied his liberty by criminal process under facially unconstitutional statutes by Adrian Garcia, Harris County Sheriff. Applicant is located at 1200 Baker Street, Houston, TX 77002.

This is a pre-trial application for writ of habeas corpus in a capital case. Applicant claims that the capital punishment sentencing scheme for juvenile offenders found in TEXAS PENAL CODE §12.31(a)(1) is facially unconstitutional when employed in conjunction with the parole eligibility law found in TEXAS GOVERNMENT CODE §508.145(b) and/or TEXAS GOVERNMENT CODE §508.145(d)(1).

## I.    STATEMENT OF FACTS

Applicant is charged with capital murder in cause number 1411883 in the 263rd District Court of Harris County, Texas. (Exhibit 1). The Applicant's birthdate is listed on the face of the indictment as August 20, 1993. The date the offense is alleged to have been committed is January 18, 2011. The Applicant, therefore, was

2

a seventeen [17] year old juvenile at the time of the alleged offense. The United States Supreme Court considers an adult to be a person who has attained the age of eighteen years. See *Roper v. Simmons*, 543 U.S. 551, 568, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).

II.     Argument and authorities.

**ISSUE ONE:  APPLICANT IS CHARGED WITH CAPITAL MURDER, ALLEGED TO HAVE BEEN COMMITTED WHILE HE WAS A JUVENILE. THE SUPREME COURT OF THE UNITED STATES HAS FOUND THAT A MANDATORY LIFE SENTENCE WITHOUT THE POSSIBILITY OF PAROLE FOR A JUVENILE CHARGED WITH CAPITAL MURDER IS UNCONSTITUTIONAL. SECTION 12.31 OF THE TEXAS PENAL CODE MANDATES THAT A JUVENILE CONVICTED OF CAPITAL MURDER RECEIVE A LIFE SENTENCE. TEXAS GOVERNMENT CODE SECTION 508.145(b) REQUIRES THAT A JUVENILE SENTENCED TO LIFE MUST SERVE 40 CALENDER YEARS BEFORE BECOMING ELIGIBLE FOR PAROLE. DOES THIS MANDATORY PORTION OF THE POTENTIAL SENTENCE RENDER SECTION 12.31 OF THE PENAL CODE AND SECTION 508.145(b) OF THE GOVERNMENT CODE FACIALLY UNCONSTITUTIONAL UNDER THE EIGHTH AMENDMENT?**

A.     *The Eighth Amendment, which applies to the States, requires proportionality when sentencing juveniles.*

The Eighth Amendment to the United States Constitution provides that, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend VIII. The Eighth Amendment is applicable to the States through the Fourteenth Amendment's due process clause.

3

*Furman v. Georgia*, 408 U.S. 238, 239, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); *Robinson v. California*, 370 U.S. 660, 675, 82 S.Ct. 1417, 1425, 8 L.Ed.2d 758 (1962). The prohibition of cruel and unusual punishment "guarantees individuals the right not to be subjected to excessive sanctions." *Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455, 2463, 183 L.Ed.2d 407 (2012) (citing *Roper v. Simmons*, 543 U.S. 551, 560, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005)). The right to be free from excessive punishment flows from the basic "precept of justice that punishment for crime should be graduated and proportioned" to both the offender and the offense. *Roper*, 543 U.S. at 560, 125 S.Ct. 1183 (quoting *Atkins v. Virginia*, 536 U.S. 304, 311, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002)).

According to the Supreme Court, the concept of proportionality is central to the Eighth Amendment. *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011 (2010). The Supreme Court reviews the concept of proportionality under "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958) (plurality opinion)).

An offender's age, the Court made clear in *Graham*, "is relevant to the Eighth Amendment," and so "criminal procedure laws that fail to take defendants' youthfulness into account at all would be flawed." *Graham*, 130 S.Ct. at 2031.

4

B. *The Texas capital sentencing scheme for juvenile offenders requires a mandatory life sentence with no possibility of parole until the juvenile offender serves a minimum of forty [40] calendar years.*

In Texas, those persons who have not reached the age of majority and who are convicted of capital murder must be sentenced to a life term. There are no other sentencing options available to the judge or jury. Texas' capital sentencing scheme provides as follows:

### § 12.31. Capital Felony

(a) An individual adjudged guilty of a capital felony in a case in which the state seeks the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for life without parole or by death. **An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for: (1) life, if the individual committed the offense when younger than 18 years of age; or** (2) life without parole, if the individual committed the offense when 18 years of age or older.

(b) In a capital felony trial in which the state seeks the death penalty, prospective jurors shall be informed that a sentence of life imprisonment without parole or death is mandatory on conviction of a capital felony. **In a capital felony trial in which the state does not seek the death penalty, prospective jurors shall be informed that the state is not seeking the death penalty and that: (1) a sentence of life imprisonment is mandatory on conviction of the capital felony, if the individual committed the offense when younger than 18 years of age; or** (2) a sentence of life imprisonment without parole is mandatory on conviction of the capital felony, if the individual committed the offense when 18 years of age or older.

TEX. PENAL CODE § 12.31 (Acts 2013, 83rd Leg., 2nd C.S., Ch. 2, Sec. 1, eff. July 22, 2013) (emphasis added).

A juvenile offender who is sentenced to mandatory life under Section 12.31 cannot become eligible for parole until he has served a *de facto* life sentence. According to the Texas Government code, a juvenile adjudged guilty of capital murder must serve at least forty [40] years before even becoming eligible to be considered for parole:

Sec. 508.145.     ELIGIBILITY FOR RELEASE ON PAROLE; COMPUTATION OF PAROLE ELIGIBILITY DATE.

(a)     An inmate under sentence of death, serving a sentence of life imprisonment without parole, serving a sentence for an offense under Section 21.02, Penal Code, or serving a sentence for an offense under Section 22.021, Penal Code, that is punishable under Subsection (f) of that section is not eligible for release on parole.

(b)     **An inmate serving a life sentence under Section 12.31(a)(1), Penal Code, for a capital felony is not eligible for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 40 calendar years.**

(c)     An inmate serving a sentence under Section 12.42(c)(2), Penal Code, is not eligible for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 35 calendar years.

(d)(1) An inmate serving a sentence for an offense described by Section 3g(a)(1)(A), (C), (D), (E), (F), (G), (H), (I), (J), (K), (L), (M), or (N), Article 42.12, Code of Criminal Procedure, an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article,

6

an offense under Section 20A.03, Penal Code, or an offense under Section 71.02 or 71.023, Penal Code, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years.

TEX. GOV'T CODE §508.145. (emphasis added).

## C. Juvenile sentencing has changed in light of Graham v. Florida and Miller v. Alabama.

Applicant avers that any potential sentence he and all other similarly situated juveniles would receive for the offense of capital murder violates the prohibition against cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution as the Supreme Court has construed in *Graham v. Florida* and *Miller v. Alabama*.

The defendant in *Graham v. Florida* was sentenced to "life." Because Florida had abolished its parole system, however, a life sentence gave the defendant in *Graham* no possibility of release and, thus, was essentially a sentence of life without parole. The Supreme Court invalidated Florida's sentencing scheme, holding that it is a violation of the Eighth Amendment to sentence a juvenile defendant to life without parole for a non-homicide offense. *Graham*, 130 S.Ct. at 2034

7

In the more recent opinion of *Miller v. Alabama*, 132 S.Ct. 2455, 2464 (2012), the Supreme Court went further, holding that mandatory sentences of life without parole for juveniles violate the Eighth Amendment even in the capital murder context. In *Miller*, two separate juvenile defendants were found guilty of murder - one of murder in the course of arson and the other of capital murder. *Id.* at 2461. Both sentencing schemes provided a mandatory sentence of either death or life without parole when convicted of either of those offenses. Because the Supreme Court had previously invalidated the death penalty for juvenile offenders, the trial court had only one possible option in sentencing upon conviction - life without parole. *See Roper v. Simmons*, 543 U.S. 551, 575 (2005) (holding the death penalty cannot be imposed upon juvenile offenders). A sentence of life without parole was the required, mandatory sentence for a juvenile offender convicted under the statute and was automatically imposed upon conviction, with no exercise of discretion as to whether such a sentence was appropriate. The *Miller* Court held such a sentencing scheme providing for a required, mandatory sentence of life without parole for juvenile offenders violated the Constitution, and precluded a sentencer from taking into account an offender's age, life circumstances, and the circumstances of the homicide offense. *Miller*, 132 S.Ct. at 2464, 2467-68. The Court did not, however, hold that *discretionary* life without parole sentences violate the Eighth Amendment. See *id.* at 2469 ("[A] sentencer needed to examine all these circumstances before

8

concluding that life without any possibility of parole was the appropriate penalty."). Instead, in regards to life-without-parole sentences for juvenile offenders, the *Miller* Court stated, "[a]lthough we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.*

The *Miller* holding clearly tells us that a mandatory sentence of life without parole for juveniles is unconstitutional because it is a violation of the Eighth Amendment to automatically sentence a juvenile to life without parole without first considering "how children are different" and how those differences may weigh against the imposition of such a harsh sentence. See *Miller*, 132 S.Ct. at 2468–69.

While the *Miller* court did not completely foreclose the "life without parole" option for juvenile murderers, it said when the sentencing scheme distinguishes the differences between adults and juveniles, "this harshest possible penalty will be uncommon" because it would be exceedingly difficult to distinguish "between the juvenile offender whose crime reflects transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption." *Miller*, 132 S.Ct. at 2469.

9

**D.**   *The Texas capital sentencing scheme fails to consider the mitigating qualities of youth. As a result, the mandatory sentence required to be imposed upon Applicant is excessive.*

A year after the Supreme Court's decision in *Miller*, the Texas Legislature amended TEXAS PENAL CODE section 12.31. The amendment provided for the possibility of parole, but only upon the completion of forty [40] years of the life sentence. The Legislature entirely failed to include any mechanism whereby a sentencing court might comply with the commands of *Miller* in regard to discretionary sentencing. According to our own Texas Court of Criminal Appeals, *Miller* requires the sentencer to consider "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Ex parte Terrell Maxwell*, Applicant No. AP-76,964 (Tex. Cr. App., March 12, 2014).

Texas' idea of sentencing in the juvenile capital murder context is vastly different than those envisioned by the justices in *Miller* and in previous Supreme Court cases on the subject. According to *Miller*, the Supreme Court has "insisted in [prior] rulings that a sentencer have the ability to consider the "mitigating qualities of youth." *Miller*, 132 S.Ct. at 2467; (citing *Johnson v. Texas*, 509 U.S. 350, 367, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993)).

In Texas, all juveniles are treated equally harsh. A judge or jury has no mechanism whereby a juvenile's immaturity, impressionability, background, or other mitigating life circumstances might be considered. A sentencer has no

10

discretion as to whether a life sentence is appropriate and whether or not the juvenile should be released upon being rehabilitated. Texas' sentencing scheme prevents those meting out punishment from considering a juvenile's "lessened culpability" and greater "capacity for change." *Graham*, 130 S.Ct. at 2026-2027, 2029-2030. This lack of discretion in sentencing plainly runs afoul of *Miller* and other Supreme Court cases which require individualized sentencing for defendants facing the most serious penalties:

> Of special pertinence here, we insisted in these rulings that a sentencer have the ability to consider the 'mitigating qualities of youth.' Everything we said in *Roper* and *Graham* about that stage of life also appears in these decisions. As we observed, 'youth is more than a chronological fact.' It is a time of immaturity, irresponsibility, 'impetuousness[,] and recklessness.' It is a moment and 'condition of life when a person may be most susceptible to influence and to psychological damage.' And its 'signature qualities' are all 'transient.' *Eddings* is especially on point. There, a 16-year-old shot a police officer point-blank and killed him. We invalidated his death sentence because the judge did not consider evidence of his neglectful and violent family background (including his mother's drug abuse and his father's physical abuse) and his emotional disturbance. We found that evidence 'particularly relevant' — more so than it would have been in the case of an adult offender. We held: '[J]ust as the chronological age of a minor is itself a relevant mitigating factor of great weight, so must the background and mental and emotional development of a youthful defendant be duly considered' in assessing his culpability.

> •   •   •   •

11

Under these schemes, every juvenile will receive the same sentence as every other — the 17-year-old and the 14-year-old, the shooter and the accomplice, the child from a stable household and the child from a chaotic and abusive one. And still worse, each juvenile (including these two 14-year-olds) will receive the same sentence as the vast majority of adults committing similar homicide offenses — but really, as *Graham* noted, a *greater* sentence than those adults will serve.

*Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455, 2467-2468, 183 L.Ed.2d 407 (2012)(citations omitted).

It should have been obvious to the Texas legislature that what the *Miller* court was seeking from the states was a punishment scheme that allowed judges the discretion to fashion sentences somewhere between strictly juvenile punishment (release upon reaching the age of 21) and mandatory life without parole. See *Miller*, 132 S.Ct. at 2476. ("It is easy to imagine a judge deciding that a minor deserves a [much] harsher sentence than he would receive in juvenile court, while still not thinking life-without-parole appropriate. For that reason, the discretion available to a judge at the transfer stage cannot substitute for discretion at post-trial sentencing in adult court — and so cannot satisfy the Eighth Amendment."). Unfortunately, Texas' response to *Miller* was to completely do away with any judicial discretion and to mandate a minimum term of forty [40] years before a juvenile even becomes eligible for parole.

In the present case, Applicant, should he be convicted, has no meaningful opportunity to obtain release based upon any demonstrated maturity and rehabilitation in the future. He is completely foreclosed from such considerations until forty years have gone by. By the time he has reached the age of 57 (40 plus 17), he will have likely passed the point of such demonstration by decades. Additionally, he will have served a greater portion of his life in prison than a similarly situated adult. See *Miller*, 132 S.Ct. at 2466. Applicant's potential sentence, therefore, is excessive.

E.  ***In addition to its failure to consider the mitigating qualities of youth, the Texas capital sentencing scheme provides for grossly disproportionate punishment. Texas law actually requires juveniles to serve more time than their similarly situated adult counterparts.***

The *Miller* court contemplated a system whereby states would treat adults and juveniles differently. See *Miller*, 132 S.Ct. at 2476. (". . . children are constitutionally different from adults for purposes of sentencing"). The mandatory parole eligibility requirements set out in TEXAS GOVERNMENT CODE section 508.145 do indeed make a distinction between juveniles serving life and their adult counterparts. *Compare* TEX. GOV'T CODE §508.145(b) with §508.145(d)(1). Unfortunately, the distinction is not in favor of the juvenile. Section 12.31 of the TEXAS PENAL CODE and Section 508.145 of the GOVERNMENT CODE stand *Miller* on

13

its head. Instead of providing for a proportionate sentencing scheme for juveniles, these statutes actually mandate that a juvenile serve *more* time than a similarly situated adult. An adult convicted of a non-capital offense[1] also serving a life sentence must serve 30 years of his sentence [10 fewer than a juvenile] before becoming eligible for parole. TEXAS GOV. CODE 508.145(d)(1). This clearly runs afoul of the Supreme Court's holding in *Miller*:

> But the mandatory penalty schemes at issue here prevent the sentencer from taking account of these central considerations. By removing youth from the balance — by subjecting a juvenile to the same life-without-parole sentence applicable to an adult — these laws prohibit a sentencing authority from assessing whether the law's harshest term of imprisonment proportionately punishes a juvenile offender. That contravenes *Graham*'s (and also *Roper*'s) foundational principle: that imposition of a State's most severe penalties on juvenile offenders cannot proceed as though they were not children.

*Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455, 2466 (2012).

There can be no more illustrative an example of a lack of proportionality than where, as here, the adult offender given a life sentence actually serves less time than a juvenile serving a life sentence.

In summation, Texas' revamped sentencing scheme for juvenile offenders convicted of capital murder and given a mandatory life sentence suffers from the

---

[1] Life with parole is not a sentencing option for an adult convicted of capital murder. See TEX. PENAL CODE §12.31(a)(2).

14

same infirmities as those found to be unconstitutional in *Miller v. Alabama*. Applicant is subject to a sentencing scheme that is excessive, disproportional, and without discretion. There are no set of circumstances whereby the Applicant might avoid the mandatory provisions of TEXAS PENAL CODE §12.31 and TEXAS GOV. CODE §508.145(b). These provisions are, therefore, facially unconstitutional. See *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Cr. App. 1992) *cert. denied*, 506 U.S. 999 (1992).

**ISSUE TWO: APPLICANT IS ALLEGED IN THE INDICTMENT TO HAVE COMMITTED CAPITAL MURDER WITH A DEADLY WEAPON. PURSUANT TO TEXAS GOVERNMENT CODE SECTION 508.145(d)(1), AN AFFIRMATIVE FINDING OF A DEADLY WEAPON PREVENTS ELIGIBILITY FOR PAROLE UNTIL APPLICANT SERVES AT LEAST HALF OF HIS LIFE SENTENCE OR 30 YEARS, WHICHEVER IS LESS. AS THE DEADLY WEAPON FINDING IS AUTOMATIC UPON A FINDING OF GUILTY TO THIS INDICTMENT, DOES THIS MANDATORY PORTION OF THE POTENTIAL SENTENCE RENDER SECTION 508.145(d)(1) FACIALLY UNCONSTITUTIONAL UNDER THE EIGHTH AMENDMENT?**

Applicant is charged with capital murder in cause number 1411883 in the 263rd District Court of Harris County, Texas. The indictment alleges that Applicant committed murder and used a deadly weapon during commission of the offense. (Exhibit 1). A deadly weapon finding has an effect upon the Applicant's eligibility for parole. TEXAS GOVERNMENT CODE Section 508.145 provides, in pertinent part, as follows:

Sec. 508.145.  ELIGIBILITY FOR RELEASE ON PAROLE; COMPUTATION OF PAROLE ELIGIBILITY DATE.

(a)  An inmate under sentence of death, serving a sentence of life imprisonment without parole, serving a sentence for an offense under Section 21.02, Penal Code, or serving a sentence for an offense under Section 22.021, Penal Code, that is punishable under Subsection (f) of that section is not eligible for release on parole.

(b)  An inmate serving a life sentence under Section 12.31(a)(1), Penal Code, for a capital felony is not eligible

16

for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 40 calendar years.

(c)     An inmate serving a sentence under Section 12.42(c)(2), Penal Code, is not eligible for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 35 calendar years.

(d)(1) An inmate serving a sentence for an offense described by Section 3g(a)(1)(A), (C), (D), (E), (F), (G), (H), (I), (J), (K), (L), (M), or (N), Article 42.12, Code of Criminal Procedure, **an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article,** an offense under Section 20A.03, Penal Code, **or** an offense under Section 71.02 or 71.023, Penal Code, **is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less,** but in no event is the inmate eligible for release on parole in less than two calendar years.

TEX. GOV'T CODE §508.145. (emphasis added)

No special issue is necessary for a deadly weapon finding to be made. The language in a verdict form, "guilty as alleged in the indictment," will support a deadly weapon finding if the indictment contains language expressly alleging that the defendant used a deadly weapon. *Lafleur v. State,* 106 S.W.3d 91, 95 n. 23 (Tex. Cr. App. 2003); *Polk v. State,* 693 S.W.2d 391, 394 (Tex. Cr. App. 1985) ("Thus, if the indictment by allegation specifically places the issue before the trier of fact . . .

17

then an affirmative finding is de facto made when the defendant is found guilty 'as charged in the indictment.' ").

Upon an affirmative finding that the defendant used or exhibited a deadly weapon during the commission of the felony offense, the trial court must enter that finding in the judgment of the court. See TEX. CRIM. PROC. CODE ANN. art. 42.12, §3g(a)(2). An affirmative finding of a deadly weapon means the trier of fact expressly determined that a deadly weapon or firearm was actually used or exhibited during the commission of the offense. See Polk v. State, 693 S.W.2d 391, 393 (Tex. Cr. App. 1985).

As the deadly weapon finding is mandatory, a finding of guilt results in the Applicant being required to serve one-half of his life sentence or 30 calendar years, whichever is less. This mandatory finding creates the same sentencing problems as discussed in the previous issue – albeit with a slightly shorter sentence. A sentencer has no discretion to waive the deadly weapon finding; it is applied equally to juveniles and adults alike; and no provision is made to consider the mitigating circumstances of youth. This finding, therefore, subjects Applicant to a sentencing scheme that is excessive, disproportional, and without discretion. There are no set of circumstances whereby the Applicant might avoid the mandatory provisions of TEXAS PENAL CODE §12.31 and TEXAS GOV. CODE §508.145(d)(1). These

18

provisions are, therefore, facially unconstitutional. See *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Cr. App. 1992) *cert. denied*, 506 U.S. 999 (1992).

# PRAYER FOR RELIEF

WHEREFORE, Applicant prays that the trial court will:

A.    Issue a writ of habeas corpus to have the body of Applicant brought before it;

B.    Schedule and conduct an evidentiary hearing at which Applicant may be allowed to present evidence and argument on his behalf through counsel of record;

C.    Allow a reasonable time after such evidentiary hearing for the Applicant to brief the issues raised in this application and developed at an evidentiary hearing;

D.    Grant him authority to obtain subpoenas for witnesses and documentary evidence;

E.    Declare TEXAS PENAL CODE §12.31(a)(1), TEXAS GOVERNMENT CODE §508.145(b) and TEXAS GOVERNMENT CODE §508.145(d)(1) facially unconstitutional.

F.    GRANT relief upon this application such that Applicant's indictment shall be ordered DISMISSED; and

F.    Grant him such other relief as he may be entitled to.

20

Respectfully submitted,

_____
**Jerome Godinich, Jr.**
TBA No. 08054700
929 Preston, Suite 200
Houston, TX 77002
(713) 237-8388
(713) 224-2889 FAX
*JGodinich@AOL.com*

**Habeas Counsel for Applicant**


By:     /s/ R. SCOTT SHEARER
**R. Scott Shearer**
TBA No. 00786464
929 Preston, Suite 200
Houston, TX 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Habeas Counsel for Applicant**
**(on habeas only)**

August 28, 2014

21

## OATH

I, JEROME GODINICH, JR., habeas counsel for MATHEW PAYAM SHALOUEI, Applicant, having been duly sworn, state that on behalf of Applicant I have prepared the forgoing claims for relief and that the allegations stated herein and in any attached supporting material are true according to the belief of the Petitioner.

_____
Jerome Godinich, Jr.

## CERTIFICATE OF SERVICE

I certify that a copy of this Writ of Habeas Corpus has been served upon the State of Texas hand delivering a copy of same to the following address on this the _____ day of _____, 2014:

HARRIS CO. DISTRICT ATTORNEY'S OFFICE
APPELLATE DIVISION
1201 FRANKLIN
HOUSTON, TEXAS 77002

_____
Jerome Godinich, Jr.

22

# EXHIBIT 1

THE STATE OF TEXAS
VS.

**MATTHEW PAYAM SHALOUEI**
23405 WEST FERNHURST #312
KATY, TX 77494

SPN: 02521930
DOB: WM 08/20/93
DATE PREPARED: 12/17/13

D.A. LOG NUMBER:2018069
CJIS TRACKING NO.:9166232570-D001
BY: KV  DA NO: 001638714
AGENCY:HCSO
O/R NO: 118602
ARREST DATE: 01/19/11

NCIC CODE: 0907 10

RELATED CASES: **RODRIGUEZ & OLGUIN-F**

FELONY CHARGE: **CAPITAL MURDER**
CAUSE NO:   *1411 883*
HARRIS COUNTY DISTRICT COURT NO: 263
FIRST SETTING DATE:

BAIL: $NO BOND     *RI of*
PRIOR CAUSE NO: **REFILE OF 1369306**

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **MATTHEW PAYAM SHALOUEI**, hereafter styled the Defendant, heretofore on or about **JANUARY 18, 2011**, did then and there unlawfully, while in the course of committing and attempting to commit the ROBBERY of LY PHAM, intentionally cause the death of LY PHAM by SHOOTING LY PHAM WITH A DEADLY WEAPON, NAMELY A FIREARM.

**FILED**
Chris Daniel
District Clerk

DEC 18 2013

Time: ___*14:20*___
Harris County, Texas
By ___*NLD*___
Deputy

Asst. Foreman          **262nd**

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF THE GRAND JURY

**INDICTMENT**

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

# EXHIBIT 6

Cause No. 1439476

| | | |
|---|---|---|
| **EX PARTE** | § | IN THE 230th DISTRICT |
| **MATHEW PAYAM** | § | COURT OF HARRIS |
| **SHALOUEI,**<br>*Applicant* | § | COUNTY, TEXAS |

## ORDER

On this the 28th day of August, 2014, the Court was presented with Applicant's previously filed pre-trial Writ of habeas Corpus, which was denied issuance by the 263rd District Court. This Court DENIES issuance of the writ as well.


_____
JUDGE PRESIDING
230th DISTRICT COURT

# EXHIBIT 7

 

p26

## THE STATE OF TEXAS

WRIT OF HABEAS CORPUS

NO. 1439586

To: Sheriff of Harris County

YOU ARE HEREBY COMMANDED to produce and have before Kristin Guiney, Judge of

the 179th District Court of Harris County, Texas at Houston, Texas in the said County and State,

**AUG 2 8 2014**

on **TO BE DETERMINED** at _____ o'clock _____ . m., the person and body of SHALOUEI, MATTHEW PAYAM SPN#02521930,

whom it is alleged you illegally restrain of his liberty, when and where you will show why you hold the

said SHALOUEI, MATTHEW PAYAM in custody and restrain him of his liberty.

HEREIN FAIL NOT, but of this Writ make due return as the law directs.

Witness my official signature at Houston, Texas on August 28, 2014. Bail fixed at $ 0 pending hearing

**FILED**

Judge's SPN#: 1897721

Chris Daniel
District Clerk

Defendant's SPN#: 02521930

**AUG 2 8 2014**

Time:_____

Harris County, Texas

By_____

Deputy

AUG 2 8 2014

Judge Presiding

Issued _____ AUG 2 8 2014

CHRIS DANIEL, District Clerk
Harris County, Texas

By:_____

## RETURN OF PERSON EXECUTING WRIT

Come to hand on _____ at _____ o'clock, ___ m., and executed on

_____ by delivering to the within named _____

in person, a true copy of this Writ,

_____

_____

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

# RETURN OF PERSON RESTRAINING PRISONER

**THE STATE OF TEXAS**

COUNTY OF HARRIS    I, _____ of said County of Harris, in obedience to the

within Writ of Habeas Corpus, have herewith the body of the within named _____

before the said _____, and for return of said Writ do state that said _____

_____ is in my custody as _____ of said County, by

virtue of a certain _____ issued by _____ on _____,

by which I was commanded to take the body of said_____ and him safely keep, and

have him before _____ to answer a charge of_____

preferred against him by _____ a copy of which said _____ is

annexed hereto:

_____

_____

Sworn to and subscribed before me, on _____

_____

# IN THE 179th DISTRICT COURT OF HARRIS COUNTY, TEXAS

EX PARTE
MATHEW PAYAM
SHALOUEI,
*Applicant*

Ancillary Case No. 1439586

---

# APPLICATION FOR PRE-TRIAL WRIT OF HABEAS CORPUS PURSUANT TO TEX. CRIM. PROC. CODE ANN. ART. 11.08

---

**FILED**
Chris Daniel
District Clerk

AUG 28 2014

Time:_____
Harris County, Texas
By_____
Deputy

Jerome Godinich, Jr.
TBA No. 08054700
929 Preston, Suite 200
Houston, TX 77002
(713) 237-8388
(713) 224-2889 FAX
*JGodinich@AOL.com*

**Habeas Counsel for Applicant**

R. Scott Shearer
TBA No. 00786464
929 Preston, Suite 200
Houston, TX 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Habeas Counsel for Applicant
(on the writ only)**

August 20, 2014

1

THIS APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IS FILED PURSUANT TO TEX. CRIM. PROC. CODE ANN. ART. 11.08 IN THE 179th JUDICIAL DISTRICT COURT OF HARRIS, COUNTY, TEXAS.

Applicant, MATHEW PAYAM SHALOUEI, pursuant to TEX. CRIM. PROC. CODE ANN. article 11.08, moves this Court to issue a pre-trial Writ of Habeas Corpus for his release from confinement on the grounds that he is being denied his liberty by criminal process under facially unconstitutional statutes by Adrian Garcia, Harris County Sheriff. Applicant is located at 1200 Baker Street, Houston, TX 77002.

This is a pre-trial application for writ of habeas corpus in a capital case. Applicant claims that the capital punishment sentencing scheme for juvenile offenders found in TEXAS PENAL CODE §12.31(a)(1) is facially unconstitutional when employed in conjunction with the parole eligibility law found in TEXAS GOVERNMENT CODE §508.145(b) and/or TEXAS GOVERNMENT CODE §508.145(d)(1).

I.    STATEMENT OF FACTS

Applicant is charged with capital murder in cause number 1411883 in the 263rd District Court of Harris County, Texas. (Exhibit 1). The Applicant's birthdate is listed on the face of the indictment as August 20, 1993. The date the offense is alleged to have been committed is January 18, 2011. The Applicant, therefore, was

2

a seventeen [17] year old juvenile at the time of the alleged offense. The United States Supreme Court considers an adult to be a person who has attained the age of eighteen years. See *Roper v. Simmons*, 543 U.S. 551, 568, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).

II.     Argument and authorities.

**ISSUE ONE: APPLICANT IS CHARGED WITH CAPITAL MURDER, ALLEGED TO HAVE BEEN COMMITTED WHILE HE WAS A JUVENILE. THE SUPREME COURT OF THE UNITED STATES HAS FOUND THAT A MANDATORY LIFE SENTENCE WITHOUT THE POSSIBILITY OF PAROLE FOR A JUVENILE CHARGED WITH CAPITAL MURDER IS UNCONSTITUTIONAL. SECTION 12.31 OF THE TEXAS PENAL CODE MANDATES THAT A JUVENILE CONVICTED OF CAPITAL MURDER RECEIVE A LIFE SENTENCE. TEXAS GOVERNMENT CODE SECTION 508.145(b) REQUIRES THAT A JUVENILE SENTENCED TO LIFE MUST SERVE 40 CALENDER YEARS BEFORE BECOMING ELIGIBLE FOR PAROLE. DOES THIS MANDATORY PORTION OF THE POTENTIAL SENTENCE RENDER SECTION 12.31 OF THE PENAL CODE AND SECTION 508.145(b) OF THE GOVERNMENT CODE FACIALLY UNCONSTITUTIONAL UNDER THE EIGHTH AMENDMENT?**

A.     *The Eighth Amendment, which applies to the States, requires proportionality when sentencing juveniles.*

The Eighth Amendment to the United States Constitution provides that, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend VIII. The Eighth Amendment is applicable to the States through the Fourteenth Amendment's due process clause.

3

*Furman v. Georgia*, 408 U.S. 238, 239, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); *Robinson v. California*, 370 U.S. 660, 675, 82 S.Ct. 1417, 1425, 8 L.Ed.2d 758 (1962). The prohibition of cruel and unusual punishment "guarantees individuals the right not to be subjected to excessive sanctions." *Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455, 2463, 183 L.Ed.2d 407 (2012) (citing *Roper v. Simmons*, 543 U.S. 551, 560, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005)). The right to be free from excessive punishment flows from the basic "precept of justice that punishment for crime should be graduated and proportioned" to both the offender and the offense. *Roper*, 543 U.S. at 560, 125 S.Ct. 1183 (quoting *Atkins v. Virginia*, 536 U.S. 304, 311, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002)).

According to the Supreme Court, the concept of proportionality is central to the Eighth Amendment. *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011 (2010). The Supreme Court reviews the concept of proportionality under "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958) (plurality opinion)).

An offender's age, the Court made clear in *Graham*, "is relevant to the Eighth Amendment," and so "criminal procedure laws that fail to take defendants' youthfulness into account at all would be flawed." *Graham*, 130 S.Ct. at 2031.

B.  *The Texas capital sentencing scheme for juvenile offenders requires a mandatory life sentence with no possibility of parole until the juvenile offender serves a minimum of forty [40] calendar years.*

In Texas, those persons who have not reached the age of majority and who are convicted of capital murder must be sentenced to a life term. There are no other sentencing options available to the judge or jury. Texas' capital sentencing scheme provides as follows:

### § 12.31. Capital Felony

(a) An individual adjudged guilty of a capital felony in a case in which the state seeks the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for life without parole or by death. **An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for:  (1) life, if the individual committed the offense when younger than 18 years of age;** or  (2)  life without parole, if the individual committed the offense when 18 years of age or older.

(b) In a capital felony trial in which the state seeks the death penalty, prospective jurors shall be informed that a sentence of life imprisonment without parole or death is mandatory on conviction of a capital felony. **In a capital felony trial in which the state does not seek the death penalty, prospective jurors shall be informed that the state is not seeking the death penalty and that:  (1)  a sentence of life imprisonment is mandatory on conviction of the capital felony, if the individual committed the offense when younger than 18 years of age;** or  (2)  a sentence of life imprisonment without parole is mandatory on conviction of the capital felony, if the individual committed the offense when 18 years of age or older.

TEX. PENAL CODE § 12.31 (Acts 2013, 83rd Leg., 2nd C.S., Ch. 2, Sec. 1, eff. July 22, 2013) (emphasis added).

5

A juvenile offender who is sentenced to mandatory life under Section 12.31 cannot become eligible for parole until he has served a *de facto* life sentence. According to the Texas Government code, a juvenile adjudged guilty of capital murder must serve at least forty [40] years before even becoming eligible to be considered for parole:

Sec. 508.145. ELIGIBILITY FOR RELEASE ON PAROLE; COMPUTATION OF PAROLE ELIGIBILITY DATE.

(a) An inmate under sentence of death, serving a sentence of life imprisonment without parole, serving a sentence for an offense under Section 21.02, Penal Code, or serving a sentence for an offense under Section 22.021, Penal Code, that is punishable under Subsection (f) of that section is not eligible for release on parole.

(b) **An inmate serving a life sentence under Section 12.31(a)(1), Penal Code, for a capital felony is not eligible for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 40 calendar years.**

(c) An inmate serving a sentence under Section 12.42(c)(2), Penal Code, is not eligible for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 35 calendar years.

(d)(1) An inmate serving a sentence for an offense described by Section 3g(a)(1)(A), (C), (D), (E), (F), (G), (H), (I), (J), (K), (L), (M), or (N), Article 42.12, Code of Criminal Procedure, an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article,

6

an offense under Section 20A.03, Penal Code, or an offense under Section 71.02 or 71.023, Penal Code, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years.

TEX. GOV'T CODE §508.145. (emphasis added).

## C. *Juvenile sentencing has changed in light of Graham v. Florida and Miller v. Alabama.*

Applicant avers that any potential sentence he and all other similarly situated juveniles would receive for the offense of capital murder violates the prohibition against cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution as the Supreme Court has construed in *Graham v. Florida* and *Miller v. Alabama*.

The defendant in *Graham v. Florida* was sentenced to "life." Because Florida had abolished its parole system, however, a life sentence gave the defendant in *Graham* no possibility of release and, thus, was essentially a sentence of life without parole. The Supreme Court invalidated Florida's sentencing scheme, holding that it is a violation of the Eighth Amendment to sentence a juvenile defendant to life without parole for a non-homicide offense. *Graham*, 130 S.Ct. at 2034

7

In the more recent opinion of *Miller v. Alabama*, 132 S.Ct. 2455, 2464 (2012), the Supreme Court went further, holding that mandatory sentences of life without parole for juveniles violate the Eighth Amendment even in the capital murder context. In *Miller*, two separate juvenile defendants were found guilty of murder - one of murder in the course of arson and the other of capital murder. *Id.* at 2461. Both sentencing schemes provided a mandatory sentence of either death or life without parole when convicted of either of those offenses. Because the Supreme Court had previously invalidated the death penalty for juvenile offenders, the trial court had only one possible option in sentencing upon conviction - life without parole. *See Roper v. Simmons*, 543 U.S. 551, 575 (2005) (holding the death penalty cannot be imposed upon juvenile offenders). A sentence of life without parole was the required, mandatory sentence for a juvenile offender convicted under the statute and was automatically imposed upon conviction, with no exercise of discretion as to whether such a sentence was appropriate. The *Miller* Court held such a sentencing scheme providing for a required, mandatory sentence of life without parole for juvenile offenders violated the Constitution, and precluded a sentencer from taking into account an offender's age, life circumstances, and the circumstances of the homicide offense. *Miller*, 132 S.Ct. at 2464, 2467-68. The Court did not, however, hold that *discretionary* life without parole sentences violate the Eighth Amendment. See *id.* at 2469 ("[A] sentencer needed to examine all these circumstances before

8

concluding that life without any possibility of parole was the appropriate penalty."). Instead, in regards to life-without-parole sentences for juvenile offenders, the *Miller* Court stated, "[a]lthough we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.*

The *Miller* holding clearly tells us that a mandatory sentence of life without parole for juveniles is unconstitutional because it is a violation of the Eighth Amendment to automatically sentence a juvenile to life without parole without first considering "how children are different" and how those differences may weigh against the imposition of such a harsh sentence. See *Miller*, 132 S.Ct. at 2468–69.

While the *Miller* court did not completely foreclose the "life without parole" option for juvenile murderers, it said when the sentencing scheme distinguishes the differences between adults and juveniles, "this harshest possible penalty will be uncommon" because it would be exceedingly difficult to distinguish "between the juvenile offender whose crime reflects transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption." *Miller*, 132 S.Ct. at 2469.

9

**D.** *The Texas capital sentencing scheme fails to consider the mitigating qualities of youth. As a result, the mandatory sentence required to be imposed upon Applicant is excessive.*

A year after the Supreme Court's decision in *Miller*, the Texas Legislature amended TEXAS PENAL CODE section 12.31. The amendment provided for the possibility of parole, but only upon the completion of forty [40] years of the life sentence. The Legislature entirely failed to include any mechanism whereby a sentencing court might comply with the commands of *Miller* in regard to discretionary sentencing. According to our own Texas Court of Criminal Appeals, *Miller* requires the sentencer to consider "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Ex parte Terrell Maxwell*, Applicant No. AP-76,964 (Tex. Cr. App., March 12, 2014).

Texas' idea of sentencing in the juvenile capital murder context is vastly different than those envisioned by the justices in *Miller* and in previous Supreme Court cases on the subject. According to *Miller*, the Supreme Court has "insisted in [prior] rulings that a sentencer have the ability to consider the "mitigating qualities of youth." *Miller*, 132 S.Ct. at 2467; (citing *Johnson v. Texas*, 509 U.S. 350, 367, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993)).

In Texas, all juveniles are treated equally harsh. A judge or jury has no mechanism whereby a juvenile's immaturity, impressionability, background, or other mitigating life circumstances might be considered. A sentencer has no

10

discretion as to whether a life sentence is appropriate and whether or not the juvenile should be released upon being rehabilitated. Texas' sentencing scheme prevents those meting out punishment from considering a juvenile's "lessened culpability" and greater "capacity for change." *Graham*, 130 S.Ct. at 2026-2027, 2029-2030. This lack of discretion in sentencing plainly runs afoul of *Miller* and other Supreme Court cases which require individualized sentencing for defendants facing the most serious penalties:

> Of special pertinence here, we insisted in these rulings that a sentencer have the ability to consider the 'mitigating qualities of youth.' Everything we said in *Roper* and *Graham* about that stage of life also appears in these decisions. As we observed, 'youth is more than a chronological fact.' It is a time of immaturity, irresponsibility, 'impetuousness[,] and recklessness.' It is a moment and 'condition of life when a person may be most susceptible to influence and to psychological damage.' And its 'signature qualities' are all 'transient.' *Eddings* is especially on point. There, a 16-year-old shot a police officer point-blank and killed him. We invalidated his death sentence because the judge did not consider evidence of his neglectful and violent family background (including his mother's drug abuse and his father's physical abuse) and his emotional disturbance. We found that evidence 'particularly relevant' — more so than it would have been in the case of an adult offender. We held: '[J]ust as the chronological age of a minor is itself a relevant mitigating factor of great weight, so must the background and mental and emotional development of a youthful defendant be duly considered' in assessing his culpability.

* * * *

11

Under these schemes, every juvenile will receive the same sentence as every other — the 17-year-old and the 14-year-old, the shooter and the accomplice, the child from a stable household and the child from a chaotic and abusive one. And still worse, each juvenile (including these two 14-year-olds) will receive the same sentence as the vast majority of adults committing similar homicide offenses — but really, as *Graham* noted, a *greater* sentence than those adults will serve.

*Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455, 2467-2468, 183 L.Ed.2d 407 (2012)(citations omitted).

It should have been obvious to the Texas legislature that what the *Miller* court was seeking from the states was a punishment scheme that allowed judges the discretion to fashion sentences somewhere between strictly juvenile punishment (release upon reaching the age of 21) and mandatory life without parole. See *Miller*, 132 S.Ct. at 2476. ("It is easy to imagine a judge deciding that a minor deserves a [much] harsher sentence than he would receive in juvenile court, while still not thinking life-without-parole appropriate. For that reason, the discretion available to a judge at the transfer stage cannot substitute for discretion at post-trial sentencing in adult court — and so cannot satisfy the Eighth Amendment."). Unfortunately, Texas' response to *Miller* was to completely do away with any judicial discretion and to mandate a minimum term of forty [40] years before a juvenile even becomes eligible for parole.

12

In the present case, Applicant, should he be convicted, has no meaningful opportunity to obtain release based upon any demonstrated maturity and rehabilitation in the future. He is completely foreclosed from such considerations until forty years have gone by. By the time he has reached the age of 57 (40 plus 17), he will have likely passed the point of such demonstration by decades. Additionally, he will have served a greater portion of his life in prison than a similarly situated adult. See *Miller*, 132 S.Ct. at 2466. Applicant's potential sentence, therefore, is excessive.

E.  *In addition to its failure to consider the mitigating qualities of youth, the Texas capital sentencing scheme provides for grossly disproportionate punishment. Texas law actually requires juveniles to serve more time than their similarly situated adult counterparts.*

The *Miller* court contemplated a system whereby states would treat adults and juveniles differently. See *Miller*, 132 S.Ct. at 2476. (". . . children are constitutionally different from adults for purposes of sentencing"). The mandatory parole eligibility requirements set out in TEXAS GOVERNMENT CODE section 508.145 do indeed make a distinction between juveniles serving life and their adult counterparts. *Compare* TEX. GOV'T CODE §508.145(b) with §508.145(d)(1). Unfortunately, the distinction is not in favor of the juvenile. Section 12.31 of the TEXAS PENAL CODE and Section 508.145 of the GOVERNMENT CODE stand *Miller* on

13

its head. Instead of providing for a proportionate sentencing scheme for juveniles, these statutes actually mandate that a juvenile serve *more* time than a similarly situated adult. An adult convicted of a non-capital offense[1] also serving a life sentence must serve 30 years of his sentence [10 fewer than a juvenile] before becoming eligible for parole. TEXAS GOV. CODE 508.145(d)(1). This clearly runs afoul of the Supreme Court's holding in *Miller*:

> But the mandatory penalty schemes at issue here prevent the sentencer from taking account of these central considerations. By removing youth from the balance — by subjecting a juvenile to the same life-without-parole sentence applicable to an adult — these laws prohibit a sentencing authority from assessing whether the law's harshest term of imprisonment proportionately punishes a juvenile offender. That contravenes *Graham*'s (and also *Roper*'s) foundational principle: that imposition of a State's most severe penalties on juvenile offenders cannot proceed as though they were not children.

*Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455, 2466 (2012).

There can be no more illustrative an example of a lack of proportionality than where, as here, the adult offender given a life sentence actually serves less time than a juvenile serving a life sentence.

In summation, Texas' revamped sentencing scheme for juvenile offenders convicted of capital murder and given a mandatory life sentence suffers from the

---

[1] Life with parole is not a sentencing option for an adult convicted of capital murder. See TEX. PENAL CODE §12.31(a)(2).

14

same infirmities as those found to be unconstitutional in *Miller v. Alabama*. Applicant is subject to a sentencing scheme that is excessive, disproportional, and without discretion. There are no set of circumstances whereby the Applicant might avoid the mandatory provisions of TEXAS PENAL CODE §12.31 and TEXAS GOV. CODE §508.145(b). These provisions are, therefore, facially unconstitutional. See *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Cr. App. 1992) *cert. denied*, 506 U.S. 999 (1992).

**ISSUE TWO: APPLICANT IS ALLEGED IN THE INDICTMENT TO HAVE COMMITTED CAPITAL MURDER WITH A DEADLY WEAPON. PURSUANT TO TEXAS GOVERNMENT CODE SECTION 508.145(d)(1), AN AFFIRMATIVE FINDING OF A DEADLY WEAPON PREVENTS ELIGIBILITY FOR PAROLE UNTIL APPLICANT SERVES AT LEAST HALF OF HIS LIFE SENTENCE OR 30 YEARS, WHICHEVER IS LESS. AS THE DEADLY WEAPON FINDING IS AUTOMATIC UPON A FINDING OF GUILTY TO THIS INDICTMENT, DOES THIS MANDATORY PORTION OF THE POTENTIAL SENTENCE RENDER SECTION 508.145(d)(1) FACIALLY UNCONSTITUTIONAL UNDER THE EIGHTH AMENDMENT?**

Applicant is charged with capital murder in cause number 1411883 in the 263rd District Court of Harris County, Texas. The indictment alleges that Applicant committed murder and used a deadly weapon during commission of the offense. (Exhibit 1). A deadly weapon finding has an effect upon the Applicant's eligibility for parole. TEXAS GOVERNMENT CODE Section 508.145 provides, in pertinent part, as follows:

Sec. 508.145.     ELIGIBILITY FOR RELEASE ON PAROLE; COMPUTATION OF PAROLE ELIGIBILITY DATE.

(a)     An inmate under sentence of death, serving a sentence of life imprisonment without parole, serving a sentence for an offense under Section 21.02, Penal Code, or serving a sentence for an offense under Section 22.021, Penal Code, that is punishable under Subsection (f) of that section is not eligible for release on parole.

(b)     An inmate serving a life sentence under Section 12.31(a)(1), Penal Code, for a capital felony is not eligible

16

for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 40 calendar years.

(c)    An inmate serving a sentence under Section 12.42(c)(2), Penal Code, is not eligible for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 35 calendar years.

(d)(1) An inmate serving a sentence for an offense described by Section 3g(a)(1)(A), (C), (D), (E), (F), (G), (H), (I), (J), (K), (L), (M), or (N), Article 42.12, Code of Criminal Procedure, **an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article**, an offense under Section 20A.03, Penal Code, **or** an offense under Section 71.02 or 71.023, Penal Code, **is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less,** but in no event is the inmate eligible for release on parole in less than two calendar years.

TEX. GOV'T CODE §508.145. (emphasis added)

No special issue is necessary for a deadly weapon finding to be made. The language in a verdict form, "guilty as alleged in the indictment," will support a deadly weapon finding if the indictment contains language expressly alleging that the defendant used a deadly weapon. *Lafleur v. State*, 106 S.W.3d 91, 95 n. 23 (Tex. Cr. App. 2003); *Polk v. State*, 693 S.W.2d 391, 394 (Tex. Cr. App. 1985) ("Thus, if the indictment by allegation specifically places the issue before the trier of fact . . .

17

then an affirmative finding is de facto made when the defendant is found guilty 'as charged in the indictment.' ").

Upon an affirmative finding that the defendant used or exhibited a deadly weapon during the commission of the felony offense, the trial court must enter that finding in the judgment of the court. See TEX. CRIM. PROC. CODE ANN. art. 42.12, §3g(a)(2). An affirmative finding of a deadly weapon means the trier of fact expressly determined that a deadly weapon or firearm was actually used or exhibited during the commission of the offense. See *Polk v. State*, 693 S.W.2d 391, 393 (Tex. Cr. App. 1985).

As the deadly weapon finding is mandatory, a finding of guilt results in the Applicant being required to serve one-half of his life sentence or 30 calendar years, whichever is less. This mandatory finding creates the same sentencing problems as discussed in the previous issue – albeit with a slightly shorter sentence. A sentencer has no discretion to waive the deadly weapon finding; it is applied equally to juveniles and adults alike; and no provision is made to consider the mitigating circumstances of youth. This finding, therefore, subjects Applicant to a sentencing scheme that is excessive, disproportional, and without discretion. There are no set of circumstances whereby the Applicant might avoid the mandatory provisions of TEXAS PENAL CODE §12.31 and TEXAS GOV. CODE §508.145(d)(1). These

18

provisions are, therefore, facially unconstitutional. See *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Cr. App. 1992) *cert. denied*, 506 U.S. 999 (1992).

# PRAYER FOR RELIEF

WHEREFORE, Applicant prays that the trial court will:

A.    Issue a writ of habeas corpus to have the body of Applicant brought before it;

B.    Schedule and conduct an evidentiary hearing at which Applicant may be allowed to present evidence and argument on his behalf through counsel of record;

C.    Allow a reasonable time after such evidentiary hearing for the Applicant to brief the issues raised in this application and developed at an evidentiary hearing;

D.    Grant him authority to obtain subpoenas for witnesses and documentary evidence;

E.    Declare TEXAS PENAL CODE §12.31(a)(1), TEXAS GOVERNMENT CODE §508.145(b) and TEXAS GOVERNMENT CODE §508.145(d)(1) facially unconstitutional.

F.    GRANT relief upon this application such that Applicant's indictment shall be ordered DISMISSED; and

F.    Grant him such other relief as he may be entitled to.

20

Respectfully submitted,

**Jerome Godinich, Jr.**
TBA No. 08054700
929 Preston, Suite 200
Houston, TX 77002
(713) 237-8388
(713) 224-2889 FAX
*JGodinich@AOL.com*

**Habeas Counsel for Applicant**

By: **R. Scott Shearer**
TBA No. 00786464
929 Preston, Suite 200
Houston, TX 77002
(713) 254-5629
(713) 224-2889 FAX
*ShearerLegal@Yahoo.com*

**Habeas Counsel for Applicant
(on habeas only)**

August 28, 2014

21

## OATH

I, JEROME GODINICH, JR., habeas counsel for MATHEW PAYAM SHALOUEI, Applicant, having been duly sworn, state that on behalf of Applicant I have prepared the forgoing claims for relief and that the allegations stated herein and in any attached supporting material are true according to the belief of the Petitioner.

_____
Jerome Godinich, Jr.

## CERTIFICATE OF SERVICE

I certify that a copy of this Writ of Habeas Corpus has been served upon the State of Texas hand delivering a copy of same to the following address on this the _____ day of _____, 2014:

HARRIS CO. DISTRICT ATTORNEY'S OFFICE
APPELLATE DIVISION
1201 FRANKLIN
HOUSTON, TEXAS 77002

_____
Jerome Godinich, Jr.

22

# EXHIBIT 1

# EXHIBIT 8

CAUSE NO. 1439586

| EX PARTE | § | IN THE 179th DISTRICT |
| MATHEW PAYAM | § | COURT OF HARRIS |
| SHALOUEI,<br>*Applicant* | § | COUNTY, TEXAS |

## ORDER

On this the AUG 2 8 2014 _____ day of August, 2014, this Court was presented with Applicant's pre-trial Writ of habeas Corpus, which was previously filed in the 263rd District Court and denied issuance. This Court DENIES issuance of the writ.

AUG 2 8 2014

HON. KRISTIN M. GUINEY
JUDGE PRESIDING
179th DISTRICT COURT
HARRIS COUNTY, TX

EXHIBIT 9



ORDER

Appellate case name:      In re Mathew Payam Shalouei

Appellate case number:    01-15-00555-CR

Trial court case number:  1437307

Trial court:              263rd District Court of Harris County

On June 24, 2015, relator, Mathew Payam Shalouei, filed a petition for writ of mandamus and a motion requesting an emergency stay of trial proceedings set for June 26, 2015. Relator's motion for an emergency stay is **denied**.

It is so ORDERED.

Judge's signature: /s/ Michael Massengale
⊠ Acting individually

Date:  June 24, 2015